UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELASTIFLOW, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DUVALL SMITH, et al.,<br><br>    Defendants. | Case No. 25-cv-01429-JSC<br><br>**ORDER RE PLAINTIFF'S MOTIONS TO DISMISS DEFENDANTS' COUNTERCLAIMS**<br><br>Re: Dkt. Nos. 28, 31 |

Elastiflow sues its former employees Alexander Germain and Duvall Smith for violating their employment agreements through their alleged use of Elastiflow's proprietary and confidential information. (Dkt. No. 15.)[1] Mr. Germain asserts a counterclaim for a declaratory judgment that he did not misappropriate Elastiflow's trade secrets; Mr. Smith asserts an identical counterclaim and an additional counterclaim for a declaratory judgment that he is the owner of certain source code ("the Code"). (Dkt. Nos. 22, 27.) Elastiflow now seeks to dismiss all counterclaims against it. (Dkt. Nos. 28, 31.) Having carefully reviewed the parties' briefing and with the benefit of oral argument on June 5, 2025, the Court DENIES in part and GRANTS in part Elastiflow's motions to dismiss.

**DISCUSSION**

1. The motion to dismiss the trade secret declaratory counterclaims is DENIED. Elastiflow does not cite, and the Court is not aware, of any case dismissing declaratory relief counterclaims in light of an action in another forum when the counterclaim plaintiff is not a party to that other action. The cases Elastiflow cites involve the same parties in both cases. *See, e.g.,*

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

*Abbyy USA Software House, Inc. v. Nuance Commc'ns Inc.,* No. 08-cv-01035-JSW, 2009 WL 10691335 (N.D. Cal. Apr. 7, 2009); *Knapp v. Depuy Synthes Sales Inc*., 983 F. Supp. 2d 1171 (E.D. Cal. 2013); *Qualcomm, Inc. v. GTE Wireless, Inc*., 79 F. Supp. 2d 1177 (S.D. Cal. 1999).

2. The motion to dismiss Mr. Smith's copyright counterclaim is GRANTED in part and DENIED in part. The counterclaim seeks both (1) judgment that he is the author and owner of the Code and (2) judgment that Elastiflow and other third parties require a license to use the Code and derivative works. (Dkt. No. 27 ¶¶ 133-34.)

Mr. Smith's copyright counterclaim for ownership is adequately pled. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015) ("A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint") (citing *Boon Rawd Trading Int'l v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 947 (N.D. Cal. 2010)). He alleges he "wrote a significant amount of code for the automated testing of [Plaintiff's] products." (Dkt. No. 27 ¶ 128.) And further, that "[a]ll of the . . . Code is the foundation of Elastiflow's products and their success, and many subsequent programs are derivative works of" the Code. (*Id.*) Mr. Smith alleges he wrote the Code "using his computing equipment, from his premises, using his internet connection, and other assets owned by [him]." (*Id.* ¶ 129.) And that he was an independent contractor with Elastiflow in 2021 when he wrote some or all of the Code. (*Id.* ¶ 128.) Thus, he alleges the Code "was Smith's original work of authorship. As such, the . . . Code vested to Smith as the owner." (*Id.* ¶ 130.) So, he requests a declaratory judgment determining his authorship and ownership of the Code and, drawing reasonable inferences in his favor, he plausibly pleads both.

Elastiflow argues the ownership claim is improperly pled because the Confidential Information, Intellectual Property, and Invention Assignment Agreement ("PIIA") Mr. Smith signed in 2023, includes the following provision:

> I agree that [Plaintiff] and its assigns will be the exclusive owner of Work Product[.] … to the extent [Plaintiff] has not obtained exclusive ownership due to my Company employment, I agree to, and do hereby, assign to the Company and waive any and all IP Rights in my Work Product without further compensation or consideration.

(Dkt. No. 15-1 at 4.) Work Product means anything Mr. Smith made "a) using the Company's

2

equipment, supplies or trade secrets; b) resulting from work [he] perform[s] for the Company; and/or c) relate to the Company's current or anticipated research and development." (*Id.* at 4 n.4.) The language "do hereby assign" effects "a present assignment of [] future inventions[.]" *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 842 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) (citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000); *FilmTec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1572-73 (Fed. Cir. 1991)). But the PIIA does not definitively resolve the question of whether the Code meets the contractual definition of "work product" nor whether the contract also assigned code Mr. Smith wrote *before* signing the PIIA. At the pleading stage, the Court must draw all reasonable inferences in Mr. Smith's favor and so cannot determine, as a matter of law, the Code was thereby vested to Elastiflow and its assigns.

The "licensing" portion of the counterclaim, however, is not plausibly pled. "An author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and display." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 300-01 (2019). "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Id.* at 301. The requirement to register a copyright prior to pursuing infringement "is akin to an administrative exhaustion requirement," prior to enforcement of ownership rights. *Id.*

Here, Mr. Smith does not plead he has satisfied the registration requirement in requesting judgment that Plaintiff and others must obtain a license to use the Code. As such, Mr. Smith's counterclaim, insofar as it appears to be a claim for enforcement of his copyright rights, is not properly pled.

In his opposition brief, Mr. Smith for the first time argues the declaratory judgment request in paragraph 134 of his Answer is "merely asking the Court to make a determination under the implied licensing doctrine as espoused in *Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748 (9th Cir. 2008)." (Dkt. No. 33 at 10.) Thus, he claims, the Answer seeks adjudication of "whether an implied license has been granted to Elastiflow and their sublicensees under *Asset Marketing*."

(*Id.*)  But the Answer does not plead implied license in a way that gives notice to Elastiflow of the implied license issue he now argues is the basis for his counterclaim.  *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  And further, Mr. Smith does not show how his allegations can be understood as such.

Because Mr. Smith does not properly plead he registered the Code, the licensing claim is not adequately pled.

\*   \*   \*

Mr. Smith plausibly pleads a declaratory judgment counterclaim for copyright ownership but not for licensing.  Accordingly, the Court dismisses the second counterclaim insofar as it seeks judgment that Elastiflow or third parties require a license to use the Code.

**CONCLUSION**

The Court rules as follows:

- The motion to dismiss Mr. Germain's counterclaim and Mr. Smith's first counterclaim is DENIED.
- Plaintiff's motion as to Mr. Smith's second counterclaim is DENIED except insofar as it seeks judgment that Plaintiff or third parties require a license to use the Code.

Any amended Answer(s) is to be filed no later than July 1, 2025 unless the parties stipulate to a different deadline.

This Order disposes of Docket Nos. 28 and 31.

**IT IS SO ORDERED.**

Dated: June 5, 2025

JACQUELINE SCOTT CORLEY
United States District Judge